You may proceed. Good morning Judge Fletcher, Judge Van Dyke, Judge Pez. Good morning. Steve Sims here for Western Towboat and we'll take 10 on argument reserve 5. So section 8 of the standard towing agreement between the parties does require Vigor to hold Western harmless for damages caused by any alleged negligence including the amount of the Vigor's insurance deductible. That's the question the court wanted us to take up. Here's where the Judge Martinez got it wrong to start and if the court goes to the opinion on summary judgment Judge Martinez at page 26 quotes Dillingham Tug. We'll hear a lot about Dillingham Tug today and he says on the contrary Dillingham determined the party's But if the court goes back to Dillingham, which is at page 1090, the quote is similarly in the case at hand, the haul and machinery insurance obtained would not have paid for the loss of use. Dillingham was talking about haul and machinery insurance not the range of insurance that we know that Vigor applied for required by the towing agreement. How do we know that they got it? Because their insurance carrier paid it off. The 500 or some thousand dollars that was paid leaving the $100,000 deductible. The court's question is Vigor responsible for the deductible? Dillingham says yes because the towing contract section 8 requires Vigor to fully indemnify, defend, buy insurance for everything including environmental damages which this is We might have some specific questions but one question that occurred to me is you know, let's assume both parties, as I read this, both parties had to have insurance that would cover for instance pollution environmental liability and and risk. So at the end of day, as I read this, it says we're not going to sue each other, we're going to look to our own insurance for our damages. But in a situation like this where the government comes and says we want you to do X, we want you to do something, or even comes and says we're going to give you a fine say, which insurance, so in theory both insurances would be on the hook for that. So how do we, how would, it's not really before us in this case but under these provisions, how would you figure out whose insurance is going to pay? Because I imagine both insurances would sit there and be like you pay. The environmental did. Somebody did. We know they did because that was a I mean at the end of the day, they may have paid. Maybe they maybe they should have held off and hope that that the Tugs insurance, the Western's insurance would pay, right? Like I mean at the end of the day, what I'm trying to figure out is because it kind of helps us to understand what what was intended here by these by these provisions, I think. If both, if there's some sort of pollution, let's say there's a million dollars worth of pollution, right? And so and again somebody goes and fixes that and wants to charge and they come back and they present the bill to both because they to Western and to Vigor. In Western and Vigor present the bill of their insurances. Which which insurance pays? For the liabilities of Vigor and and the liabilities of Western. I mean okay but now see that's the problem. I think you're getting right on what I my concern which is how do you figure out what's the liabilities of Vigor and what's the liability without looking at fault? See the whole point of this is to avoid pointing the finger at each other and saying you got to pay because but how do you get away from the fault question because which insurance will pay? Through the contract. That's exactly what was going on here and Dillingham is very clear and this is it also at the middle of page 1090 talking about we believe the reason the court Fifth Circuit is sound is not against public policy to enforce insurance provision in a towing contract. It is economically efficient. We're talking about parties for legally negotiated contract. A two sophisticated parties to a towage contract with such provisions who effectively insure themselves against loss. Yeah I don't think you're yeah I'll try one more time and then I'll just give up I guess but no don't give up. All right if you have if there's an environmental loss and stipulate for me let's just stipulate that the environmental loss is caused exactly 50% by the tug and exactly 50% by the tow. All right you know it's equal fault on both sides. So equal that nobody could split between the two right? Which insurance is going to pay for that million dollars of environmental loss? When they both have insurance because they have to have insurance under the contract. So let's assume they both have insurance. Which one's gonna pay the million dollars? When the the the loss is to do with the barge. No this is from the barge this is from the this is from the the barge and the tug ramming into each other because of bad driving by the tug and defects in the barge. Everybody's at fault equally at fault and oil goes everywhere and a million dollars worth of loss. Who pays for that? Which insurance pays for that? They both have insurance. They both are they both have agreed only to look to their insurance. Which insurance pays for that? That you're about to tell me I don't fault but you don't you don't want to say that because if you say fault then fault gets brought back in. It is it is between the insurance companies. That's the way the contract. Okay that's not what so you I think your answer would be that that just doesn't really matter for purposes at this. Because. You don't you don't know how that'll be split up but the insurance companies are gonna go have a different lawsuit about that. Here you could just go to your insurance. That's the point and this was all bargained for and and it's clear. The question is what of course it was bargained for but the question is what what was the resolution? Judge Martinez reads this as to claims against each other arising out of harms to each other directly and not as the third parties. Why is it why is Judge Martinez wrong? Because it when your honor goes to section 8a in 10 of the parties is the insurances identified in this section cover all all means all losses damages claims liability incident to the services being provided. Now if this was an incident what was? Wait but then it goes on to say rather than So that suggests to me as I think it suggested to Judge Martinez you injure my party or do you injure my property in some fashion or you cause harm to me that's a claim I bring against you which suggests to me that we're talking not about third-party claims but about claims directly of direct injury to each of the two parties. Yes well there is a claim against Western here that's what we're talking about that's what brings us here because because vigor says you Western are negligent therefore pay us that is a claim against Western because of vigor claiming a damage. What should be happening is the insurance companies go to each other and they say well you know we're gonna have to work this out because both sides have waived subrogation so whatever has been paid in subrogation that's all waived there's $100,000 attorneys fees losses something like that that's all waived. Yeah what's the what's the real-world consequence compared to the judgment that we've now got I mean we're down into the pretty small amounts at this point does this change things very much in terms of dollars? Well yes it does and and it's certainly for for Western it's it's very important because Western never got paid for its work in a bargain for contract that says the money is earned when. That's a separate issue. Yeah please that's a question. Yes and so we've got a hundred eighty seven thousand we've got a damage of or claimed hundred thousand dollars which is not a damage but but then vigor wants more than that so that I think they want up to five hundred thousand or something so yes it's it's a significant amount of money. But this is this may be a separate question are we finished with any fines that the to the Northern District of California and look at case 322-6101 it would see the consent decree with between vigor and the United States which under which vigor promises that it will not sue Western in contribution and that was a that was a settlement over the economic damages so that's that's done. So so that's what you're telling me. Yeah that's off the table it's off the table it's all settled it's all settled now Western has to deal with it but Western is dealing with the government it's not vigor under this section 8 tow contract that can come back and get money out of Western and the part of the court's question was. I understand so I wasn't aware of this way you just told us but you're saying vigor is settled with the government and vigor is agreed that they won't go after Western for it and the reason they've done that is because I see so the government still could in theory come after Western separately. The the government being the government is is looking for money from Western yes. But they've settled with with with vigor. That's correct. And Western would just be on the hook by itself. Yes sir. That's right. Why would it be on the hook by itself why can't it come on your theory of here why can't they come after vigor for that? Well that's our that's what that's exactly our theory your honor which is that that under the tow contract we waive subrogation at the insurance companies pick everything up if the insurance companies find some way to get kind of contribution then then then that's their business but but but the the tow contract says for the bargain consideration everybody's gonna insure each other everybody's gonna waive subrogation everybody is going to not be here let the insurance companies take it out and the underwriters knew what they were doing I refer the court to is there how many is there four minutes later into your rebuttal so you're about this is your entire clock and you're into your rebuttal time but okay I will I will give you one more case where a court this is District of Oregon applied exactly this contract it is USVEAI International 2004 Westlaw 3313617 2004 case and I looked at the court's question I said I got to see whether anybody's treated this language and sure enough interestingly enough the Williamson firm was in here and the court said yeah the contract means what it says so I mean what it says and the question is what does it say I mean that doesn't get us very far if I can detain you for a little longer that's with respect to allocate the fee under the contract yes there's an argument now that the fee owed under the towing contract should be apportioned but that was not the argument made in the district court we we got to the to the end of the case and we were all arguing over it's all your fault or it's all your fault the the the apportionment as far as Western was concerned was wait a second where does this come from what it was not it was not an issue that the of the the amount of negligence of each but when you go back to the contract and vigor says well you know when there's some negligence you don't recover but the the tow contract is is distinct here and it says to the extent what does that mean to the extent I'm not arguing that for the moment I'm looking at waiver that is to say this this apportionment argument wasn't made in the district court it is made for the first time here isn't that right it was it your honor it was it was not made in the district court because it wasn't an issue before the district court judge Martinez I mean that's my point if it wasn't made an issue in front of the district court how can you now make it an issue in front of us because Western was convinced that it was in the clear hundred percent that but people do that all the time they say you know we win 100% but if we don't win we win 80% it comparative negligence was not even a part of the arguments well I know that's what I'm asking you this why are you now why can you now make it if it was never a part of the argument below because it wasn't an issue we're asking why you didn't make it an issue I didn't make the alternative argument that well we don't think we should have to pay a penny but if we have to but if we want to get portion part of it we should get you know if we are only partly liable we should at least get whatever amount of a contract it would be that ratio we argued that we should get the full amount because we're no that's exactly my point and you keep saying that's what we argued and I'm saying yes and you didn't argue apportionment and I'm asking you why do you get to argue it now when you did not argue it before it was it was never it never wait that yeah that's a fact I get that and you're saying it wasn't an issue but I can now make it an issue that your honor there there are it was an issue that was brought up first time in the in the district court there wasn't even any oral argument on the question of apportionment it wasn't it wasn't a question I think yeah I don't want to take up too much we leave you a little bit of time or you want to save it yeah yes sir minute and 18 seconds yes all right thank you we'll hear from Vigors counsel good morning your honors and may it please the court Molly Henry on behalf of vigor marine I'd like to start by addressing the court's question regarding section 8 of the tow agreement and whether that clause requires vigor to hold Western harmless for damages caused by Western's own negligence and unsurprisingly my answer to that question is no and I let me take us through the text of 8a where it says intent it is the intent of the parties that the insurance identified in this section cover all losses damages claims liabilities and suits incident to the services being provided and that the party shall look solely to such insurance in sequence of first party before third party insurance rather than maintain claims against each other based upon negligence or fault and I understand the courts question regarding intent and and and I'm going to answer it directly but I would point out there's no evidence in the record regarding clause 8 because Western did not plead the tow contract as a defense to Vigors negligence claim so there's no allegation in Western's complaint that Vigors damages or trial correct no clause 8 did not come up one time during the trial but then how did judge Martinez reach the decision that he did the judge Fletcher went through well yes so so the issue of the clause 8 came up two times Western brought it up two times not in its pleadings not in discovery but in a motion for summary judgment filed before the trial court Western argued that clause 8 required vigor to indemnify it for all damages arising with regards to the National Marine Sanctuaries Act exposure and what judge Martinez held was that no clause 8 is what's in maritime lingo it referred to as a typical knock-for-knock clause and what that does is says that each party is responsible for its own vessel for damage to its own vessel and its own employees or crew so in other words to give the court example of how that might work if Western had rammed Vigors dry bridge under the knock-for-knock clause under a typical application of a knock-for-knock clause consistent with judge Martinez's ruling Western would be on the hook for the damage to the dry dock that would be on us under the excuse me Vigor would be on the hook for the damage to the dry dock under the knock-for-knock clause that would be on us but what that clause doesn't cover and this is consistent with judge Martinez's ruling and the Dillingham case is damages caused to the third-party property by one party's negligence and so the Gold Gate Bridge would be you're saying because it was Western's fault for driving it into it then Western would be on the hook for the Gold Gate Bridge exactly under a knock-for-knock Western still responsible for its own parties negligent damage to third-party property so so the one of the insurances that they have to get is pollution environmental liability insurance just see it seems to me like whole point of environmental liability is both parties have it and that's typically going to be a third party that got damaged it's not going to be I mean your argument seems to be that this is only about damage you know we're not right we're saying we won't go after for damage to our own property right basically what Martina said but the problem is the pollution environmental liability insurance the fact that they have to get that that's almost always going to be I mean I can't hardly think of a situation where that wouldn't be damaged the other people you the towboat starts leaking or something and sure so I don't it doesn't really make sense to me plus the broad language that I think Judge Pius all suits incident to the service all losses incident to the services being provided yeah and I think at that point each party is responsible for the negligent their own negligence so and and again the problem here is that this was actually says I mean it doesn't say anywhere in this that it's only for their own property it all losses incident to the services and it says and then it says you're gonna they're gonna look to their insurance instead of going after each other for their for the other for negligence or fault yeah but that has to be looked at in conjunction with the actual insurances listed in 8b so why did they have to get why did they have to get pollution and environmental liability insurance well to the extent that their negligence caused pollution or liability in relationship to the tow and in your arms I'm sorry I'm at a bit of a loss on yours they'd have to be like like it would only be pollution and liability damage say to the tow from the like the towboats like sprays oil all over and then they're like well you got to clean up the oil off your own toe I mean it seems kind of a because it says restoration clean up and restoration costs I that seems kind of odd like what and I and and I haven't seen a case where a knock-for-knock has been applied and certainly Western didn't cite one and I didn't find one to an incident where there is third-party damage like this and there's no evidence in the record concerning the intent of this clause because Western didn't plead it as a defense to the negligence action quite to the contrary now Western pled and litigated comparative fault and that is incompatible with an argument that the tow agreement sometimes the problem I think with that is maybe if the district court hadn't you know reach the conclusion district court did then you could claim that they waived it by not making it but once a district court actually rules a certain way even if like the parties didn't quite then I think that issue square I think our cases say that issues before us right because we were viewing the decision that's that's up before us well two points to that your honor first of all you know there are due process concerns and and that's why FRCP 8 says that by the time summary of a judgment was brought discovery was over so there was no deposition testimony regarding the intent of Clause 8 and second of all yes Martinez ruled on the scope of why was it necessary for him to reach this issue if it hadn't been raised well it was raised in the summary judgment motion but we went to trial right well it was off it went to trial but Western never sued judge Martinez decided at summary judgment that this is a typical knock for not clause and does not reach third-party liability it was never discussed again at trial it never came up again until Western's post trial briefing where which stemmed from sort of an epiphany that council had on the last day of trial where wait a second I'm hearing information about insurance we don't know which insurers and we don't know on what basis but bigger has been reimbursed for some of these costs and I don't think bigger is our Western doesn't think bigger is the real party in interest for those damages and Martinez's wait a second I have concerns about the timeliness of this but let's finish up our last two witnesses and we'll have post trial briefing and it wasn't until that post trial briefing a month after trial that bigger raised this issue saying well that Western raised this issue saying well bigger ought to ought not to be able to recover what it has been reimbursed by its insurers and it became really a collateral source rule argument post trial but that but that but that's all the that that's all everything above the hundred dollar deductible what I've got a separate question and that is was the environmental insurance something that was required under clause eight or was just done because the parties thought they'd better get it well why why was the environmental damage insurance taken out well I can't speak to what the parties intended with that because there's no evidence about that and I don't know the answer but certainly clause eight requires both parties to obtain environmental insurance but what's not in the record is any any evidence about which specific policies bigger received insurance payments on or on what basis those were made and that was the trouble with so under your theory which is that as I understand your theory is that the insurance each side has their own insurance and so you know if you trash my my tugboat I'm on the hook for paying for it even though you trashed it that's I think your your theory basically your your load your fault is what wrecked my tugboat and cause it to sink but I'm that property I might is covered by my insurance and I won't go after you and that's basically the limit of what you're saying this is that am I right yes I think that's correct and why why does section 3b 3 say that they're supposed to they're supposed to put each other they're supposed to endorse them as to each other so why why would I have you as the toe endorsed me as the tug for my for my boat you know because if you're even under your theory if your toe sinks my tugboat I got to go to my own insurance it does I don't get to go to your insurance I don't yeah and I don't want to make sure I understand and your question before I answer it but I think it all comes back to fault so particularly when you're not talking about necessarily that damage to the tug or the tow you're talking about third party let's see that's my that's that's what I'm getting at yeah that could make sense to endorse each other if the point is to try to say we're not going to sue each other for damage the third party so we're going to endorse each other on it so insurance to the full extent possible insurance is going to cover everything including third parties but if you're only saying it's going to cover my tug and my toe under your theory I don't know why you would have them endorse the the other party on the insurance it makes most sense if you're trying to make sure you're getting as much coverage as possible with insurance so you don't have to sue each other and fall into the final clause and I'm trying to think of an example that might help there so for example if one of Western's crew members was injured during the voyage and sued Western under the Jones Act for damages and also sued vigor under the Jones Act because perhaps it was injured by some unseaworthiness with respect to the tow under the knock-for- knock clause Western would be responsible for covering both parties negligence because it relates to Western's crew member and I hope I'm getting that the language the next one of these next clauses talks about specifically to damage to crew members on the further allocation under under C and so I think it actually that that would be the point is like not only does my insurance cover my my crew members but your insurance I'm endorsed on your insurance and it covers so we're just gonna so we'll let the engine kind of might you heard my question until we'll let the insurance fight that out but at the end of the day we're not going to sue each other about that and the crew member to me is like the Golden Gate Bridge it's a third party yeah I mean it's your view like this if the crew member is riding on the tugboat then then that's the tugboat but if the crew member like is riding on the on the tow then that's the tow it would be Western's crew member so under your scenario I think that that would be your theory is it covers property and it covers damage to your own property and liabilities of your own crew correct that's it I've got a question here this sounds as though this is a standard clause in these tow contracts is it when you say knock for knock I mean is this is this language gonna show up in lots and lots of tow contracts it is it is a knock-for-knock cause it's a very common clause in in marine contracts and and when you say knock for knock are they written the way this one's written I've never seen one exactly like that I didn't I haven't compared this looks fairly typical to me but I don't generally ask this is it seems to me the scenario we now have with liability to third parties as the underlying issue this can't be the first time this has arisen I mean why why isn't that why isn't there a lot of case law on precisely this question I can't answer that your honor and part of the problem is and and why I don't have great answers for this is it wasn't an issue in front of Martinez he ruled on summary judgment that this was not the case and Western did not appeal that aspect of his ruling just like it hasn't appealed the aspect of the ruling related to the Marine Sanctuaries Act claims so not every and it never came up again until post-trial so there's no evidence in the record concerning what the parties intended by this and I would agree with Martinez evidence be admissible at trial or yeah I think it would be extraneous evidence but I don't know the rules I don't know off the top of my head either in the state of Washington it would be contract is ambiguous usually extraneous evidence is not well certainly Martinez agreed with vigor that it was not entirely clear how this was intended to operate so yeah I believe it would be admissible but it was never raised as an affirmative defense and it was never worked up in discovery and it was never tried to the court after judge Martinez ruled on the scope of it was there's a question similar I think what what judge Fletcher was asking the other side which is it does seem a little odd it doesn't seem like there's a ton of money and at stake yes forty forty thousand dollars on the one issue and so is there is there something else going on behind this as to why the parties are paying you all to is there is there I think he earlier said that you your part of your client has already settled with the government is that right and has promised not to go after Western for the amount they settled for my understanding yes vigor has settled with the government the latter part of that statement is not my understanding but I am NOT as familiar with the terms of the settlement which was entered recently but it is on it is a public record so it to answer your initial question which is why are we here and why are we fighting about this because it's not really about why a dry dock sank it's about where a dry dock sank and I think well but that's not really well I guess judge and I can speak for himself I think his questions this is certainly my question is if are we just fighting about $40,000 $60,000 or is there some huge amount of liability lurking in the in the wings that you're affecting your behavior judge Fletcher's got my question better than I I think it's it's fair to say that this is the tail wagging the dog and there is still so what's the dog the dog out there is still this massive exposure to liability and contribution and indemnity claims out there the potential for those and the concern that this case could have a follow-up question that is I thought that might be the case and if that's the case and if the if if Western's view of the contract you know was was ended up being what the court concluded so different than what just Martinez then I assume what would happen is that each for each party would have to look to their insurances and then the insurance companies would have to go fight about how to how to because this this governs the parties but it doesn't necessarily government govern the insurance insurance companies would fight about fault and like relative fault is that sounds right to me I don't know that I commit to it on the record because I haven't thought through that scenario but but not necessary in this lawsuit so no it's it's very clearly not part of this lawsuit judge Martinez dismissed those claims on summary judgment and neither party has appealed them could you know any claims that Noah has are still pending out there then Noah claims against vigor have been settled and I as I understand it they are still pending as to Western because there's joint and several liability you're concerned that Western might after it deals with the with Noah might come after bigger I think it's fair to say that bigger is always concerned about Western's got choices and litigation we just heard from Western that they would be on the hook by themselves for anything that they had to pay I'm very happy to hear that that's their position let me ask you if I can about the contribution argument with respect to the fee for the towing as I understand it when it was litigated in the district court it was a all all or nothing and there was no argument with respect to whether there should be a contribution in proportion to negligence is that argument properly made in front of us it is not your honor that argument was not preserved for appeal the very first time we heard that argument was when Western submitted its opening brief and it appears to be based on some sort of plain language argument about the words to the extent but I think it's fair to say that at the very least there's ambiguity in that term and this court of course is not a test kitchen for new claims we are asking the court to affirm that Western was negligent in its navigation and voyage planning affirm that Western is not entitled to any tow hire under the contract and reverse judges Martina judge Martinez finding that vigor was negligent and also reverse the post trial order refusing to apply the collateral source rule so that bigger may recover all of its damages for the marine sanctuaries so you you want collateral source rule and you want a did I ask you one other minor question the judgment judge Martinez ordered prejudgment interest I guess from the date of the interest but the date of the incident as opposed to when any damages began to accrue correct yeah and that date came from Western's proposed judgment but vigor had to propose I did they signed up on it both parties prepared a proposed judgment and then judge Martinez entered his own but it adopted a date that was put forward in Westerns proposed judgment well you know certainly Western never objected to it in front of judge Martinez either before saying whoops wrong date and our proposed judgment or after he entered the judgment never went back to the pre-judgment interest is of course within the discretion of the trial court judge and that that date is not picked out of thin air that is the date that the court found that Western negligently navigated the dry dock into the protected marine sanctuary I would agree that that is the typical application and the reason you care about this is again the tail dog thing because I mean I'm $576 but you're worried about pre-judgment interest on millions of dollars it was an issue with Western raised in its appellate brief so we addressed it I I don't know if that is an instance of the tail wagging the dog but our response to Western's appeal is that they didn't preserve that argument because they never raised that issue to judge Martinez and it was in within his discretion to pick that date well I think we've taken you well over your time well thank you very much go ahead and hear from your opposing counsel judge Fletcher is to your question why this hasn't come up before that's the whole purpose of the contract for the parties not to sue each other there's one time this language has come up it's in that Oregon case that I cited and what happened court looks at it says contract means what it says game over we're done that's why the contract should be enforced we should not be here you begged every question you said and what we're trying to figure out what does it say yes what it says is that in all circumstances and and the court has read the contract subrogation waived mutual insurance any and all injuries any and all not just first party third party so any and all injuries the insurance covers each other the parties don't sue each other so that means if and when the feds come after your client which I guess they're not finished with is that right no sir they're not finished okay well and let's say the feds come after you for a million dollars under your interpretation of the contract you can't go against vigor for any portion of that that is correct in the original lawsuit by Western was for a declaration that we were not responsible because of the insurance contract if you if the court looks back at the original complaint by Western where the plaintiff that's what we asked for so this not this stuff about never raised it right and then your insurance companies in theory let's say they got hit for a million you got it for a million then your insurance companies could fight out how they wanted to try to split that they might they may because they're not bound by this language yes sir that's they that's what they underwrite that's what they agreed to they're gonna they're gonna take it they're gonna do with whatever they're gonna do with the same whole fight about fault but it's between two insurance companies yes sir then if it's not covered by insurance it goes back to the contract because the contract says you should have gotten insurance for everything and if it's not covered you pay and so that's my question so it's on your client then let's assume your insurance is for a million dollars and the feds come after you for two if that difference is on you to flip it over I think if it if the if the insurers if the government came after vigor and said hypotheticals the government comes after you yes because they've settled with vigor government comes after you your client for two million dollars your insurance is for one the additional million that comes out of pocket that's on you we were supposed to pay yes okay you can't go after vigor on them if we were supposed to have insurance for it we're supposed to pay for it that's clear and then if it's above the limits there's this last clause which says that's when we kind of go back to the old rules of fault yes sir okay and Dillingham deals with that I just have one less I have regarding the summary judgment ruling that by judge Martinez counsel just said that this clause was not even an issue at the summary judgment ruling is that correct it was your honor and it's in this is this that quote I started off with in Dillingham tug it's at page 26 of judge Martinez opinion and he's talking about that the clause and he says yeah but that's hauling machinery in Dillingham so that's why there wasn't a third-party liability hauling machinery is exactly for that it's not environmental it's not P&I you don't even talk I have to talk about the P&I environmental insurance is what picked up the tab here just as the contract was supposed to okay all right counsel I think we've any more questions all right well I think we've thank you thank you both sides for your vigorous arguments and we'll turn to the next case
judges: FLETCHER, PAEZ, VANDYKE